AO 472 (Rev. 09/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 24-MJ-04544-LMR |
| Tal Alexander, | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I – Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II – Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above.

  **OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III – Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☐ Lack of significant community or family ties to this district
☒ Significant family or other ties outside the United States
☐ Subject to removal or deportation after serving any period of incarceration

☐ Prior failure to appear in court as ordered

☐ Prior attempt(s) to evade law enforcement

☐ Use of alias(es) or false documents

☐ Background information unknown or unverified

☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

The Defendant is charged with one count of Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1954(c), and two counts of Sex Trafficking by Force, Fraud and Coercion, in violation of 18 U.S.C. § 1591(a) and (b)(1), which carries a statutory mandatory minimum sentence of 15 years and a maximum of life imprisonment. Because of the nature of the charged offenses, there is a statutory presumption of detention in this case. See 18 U.S.C. §§ 3142(e)(1), 3142(e)(3)(D).

On December 13, 2024, this Court held a hearing pursuant to 18 U.S.C. § 3142(f)(1) to determine whether the Defendant, TAL ALEXANDER, should be detained pending trial. The government moved for pre-trial detention premised on both danger to the community and serious risk of flight. For the reasons stated at the hearing, hereby incorporated into this Order, the Court orders ALEXANDER's pre-trial detention based upon risk of flight.

The facts, as proffered by the government, established that, ALEXANDER and his coconspirators have been charged in a sex trafficking conspiracy spanning 11 years, from 2010-2021. However, there is evidence to support that ALEXANDER has been engaged in this kind of conduct for approximately 20 years. The government submitted that approximately 40 women have come forward to report that ALEXANDER and/or his co-conspirators lured the victims to destinations in the United States and elsewhere under the promise of luxury accommodations and/or travel destinations, surreptitiously drugged them and violently sexually assaulted the victims. Some victims reported being held down and/or unable to move during the assaults due to the effects of the drugs given to them by ALEXANDER and/or other conspirators.

While the Court finds the alleged conduct to be extremely dangerous to the public, it also finds that there are conditions that could be imposed to mitigate the government's stated concern at the detention hearing that ALEXANDER remains a danger to the community even under home confinement because he would harm witnesses by bringing lawsuits against them for defamation or threatening to do so.

The Court does find that the government has met its burden to demonstrate that ALEXANDER is a serious flight risk and that the defense has failed to rebut the presumption on that ground. In finding pre-trial detention is appropriate in this case, the Court is considering the strong weight of the evidence; the significant sentence the Defendant faces; and the nature and circumstances of the offense; and the personal characteristics of the Defendant. In considering the weight of the evidence, the government anticipates the testimony of numerous victims and witnesses, electronic evidence, physical evidence, and documentary evidence, among other things.

ALEXANDER has international contacts, which include his parents who are Israeli. The government also proffered that ALEXANDER frequently travels internationally, including to Israel and the Bahamas, and usually travels to these destinations by private jet and/or yacht. These travel arrangements are also frequently done at a moment's notice and not scheduled in advance.

Defendant is a successful real estate agent in the luxury market and lives a lifestyle supported by extensive financial resources. Home confinement at his parents' home, as he has requested, would give him direct ocean access and the means to quickly flee.

Given the potential penalties here, both incarceration and reputational harm, the Defendant has every incentive to flee to avoid prosecution and a public trial. *See, e.g.*, *United States v. Madoff*, 316 F. App'x 58, 59 (2d Cir. 2009) ("[I]ncentive to flee . . . naturally bears upon and increases the risk of flight."); *United States v. Sammons*,

No. 19 Cr. 107, 2020 WL 613930, at *5 (S.D. Ohio Feb. 10, 2020) ("The shame of the allegations that he is facing is also an immense incentive to flee.").

Moreover, the Defendant is facing a significant term of imprisonment and is facing his first federal offense/conviction. When considering the nature and circumstances of the offense and the Defendant's extensive financial resources, the Court agrees with the government that the Defendant is a flight risk. Thus, the Court finds that the government has proven by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the Defendant's appearance at trial and orders that he be detained.

## Part IV – Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12/17/2024

United States Magistrate Judge