UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

v.

TAL ALEXANDER,

           Defendant.

Dkt. No. 24-MJ-04544 (LMR)

## DEFENDANT TAL ALEXANDER'S SUPPLEMENTAL BRIEF IN SUPPORT OF HIS MOTION TO REOPEN DETENTION HEARING AND STAY REMOVAL

On December 16, 2024, defendant Tal Alexander submitted a motion to reopen the detention hearing held before this Court on December 13, 2024, and stay removal of this case to the Southern District of New York pending a decision on pretrial detention. ECF No. 22. That same day, the Court issued an order directing the government to respond by December 18, 2024. ECF No. 23. On December 18, 2024, the government filed a motion for a one-day extension, to December 19, 2024, to file its response. ECF No. 25. In its submission, the government stated that it did not have a transcript of the pretrial detention hearing "which is required to address factual claims made by the defendant in his motion." *Id.* After the government moved for an extension, the transcript was made available to both parties. It is attached here as Exhibit A.

At the time of Mr. Alexander's motion to reopen, he also did not have the detention hearing transcript. With the benefit of the transcript, we make this submission to supplement Mr. Alexander's motion to reopen to provide additional support from the record.

First, in Mr. Alexander's motion, he asserted that the government represented that Mr. Alexander would not be extraditable should he flee to Israel. ECF No. 22, at 6. More specifically, the government stated in rebuttal, "[W]e have confirmed with OIA that if he flees we can't get him

back." Tr. at 67:16-17. The government further asserted that "[t]he fact that his parents are Israeli, the fact that he has traveled back to Israel, the fact that we have conferred with OIA and they have indicated that if he does flee there, which has happened in the past, that they are not going to be able to extradite him back and that is not a sure thing." Tr. at 51:19-24. These statements are plainly inaccurate, as we detailed with numerous examples to the contrary in Mr. Alexander's motion to reopen. *See* ECF No. 22, at 6-7.

Second, in the motion to reopen, Mr. Alexander proposed an increased bail package, which included a bond signed by Mr. Alexander's parents in any amount secured by the entirety of their assets and an in-camera review by the Court of their financials. *Id.* at 5-6. We can provide additional information that has developed since the filing of the motion. Mr. Alexander is prepared to retain a private security service with extensive experience performing bail security and pretrial release services, to provide a full-time armed security detail at the location of Mr. Alexander's home detention. The company will diligently follow the Court's orders and, among other things, install in and around the residence security measures, including video cameras and door and window sensors and alarms, and ensure that 24 hours per day, every day, Mr. Alexander will be guarded by several armed security professionals. Mr. Alexander would pay the costs of these services.

These services and proposed conditions have been accepted in cases where courts had concerns about flight of defendants with means, and more significantly, have been successful. *See, e.g., United States v. Jeffrey Webb*, Dkt. 15-CR-252 (E.D.N.Y.); *United States v. Ng Lap Seng*, Dkt. 15-CR-706 (S.D.N.Y.).

In *Webb*, the defendant was arrested abroad and waived extradition to return to the Eastern District of New York. On July 18, 2016, the court set bail, including, among other conditions, $10

2

million bond secured by signatures of ten sureties, properties in Pennsylvania, Georgia, Florida, and the Cayman Islands, and a partnership interest in a P.C.  The defendant consented to home detention with electronic monitoring at a family apartment within 20 miles of the courthouse and thereafter at his family residence in Georgia.  He was required to hire a private security service to monitor his physical location, 24 hours per day, 7 days per week, at both the initial location and the subsequent location.  The security service was paid for by the defendant but directed by and reported to the FBI and the Office of Pretrial Services.  The defendant and his wife also surrendered their passports.  For nearly six months, a company provided these services at both locations on a 24/7 basis with two personnel each working a 12-hour shift.

Similarly, in *Ng*, a Magistrate Judge set bail at the defendant's arraignment in the amount of $50 million personal surety bond secured by $20 million cash and property in New York City, with the defendant's presence to be secured by a company.  The government's appeal to the District Court was denied, but the Court ordered a complete set of conditions, which were adhered to by the service provider.  The Court's bail application order is attached hereto as Exhibit B.

With these additional conditions, Mr. Alexander's augmented bail package entirely ensures that he poses no risk of flight.

For the supplemental reasons set forth above, we respectfully request that the Court grant Mr. Alexander's motion to reopen the detention hearing and stay removal of this case to the Southern District of New York.  The defendant respectfully requests that the detention hearing be reopened to further advance the grounds for this motion and answer any questions the Court may have.

Dated: December 19, 2024

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: */s/ Milton L. Williams*
Milton L. Williams
Deanna M. Paul
Admitted Pro Hac Vice
250 Vesey Street
New York, NY 10281
Tel: (212) 335-2030
mwilliams@wmhwlaw.com
dpaul@wmhwlaw.com

**BLACK SREBNICK**

By: */s/ Howard Srebnick*
Howard Srebnick
201 South Biscayne Boulevard, Suite 1300
Miami, FL 33131
Tel: (305) 371-6421
hsrebnick@royblack.com

*Attorneys for Tal Alexander*

4