UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-04544-LMR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TAL ALEXANDER,

    Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING**

This cause is before the Court on Defendant Tal Alexander's Motion to Reopen the Detention Hearing in this case, pursuant to 18 U.S.C. § 3142(f) and to stay removal of this case to the Southern District of New York. [ECF No. 22]. The Court has reviewed the Motion, Defendant's Supplemental Brief [ECF No. 28], the Government's Opposition [ECF. No. 31], the documents submitted in support of the parties' filings, the pertinent portions of the record, and all relevant authorities. For the reasons addressed below, it is **ORDERED** that the Motion [ECF No. 22] be **DENIED** because none of the reasons Defendant cites meet the requirements of 18 U.S.C. § 3142(f).

## **BACKGROUND**

Defendant Tal Alexander has been charged in a superseding indictment by a federal grand jury in the Southern District of New York with sex trafficking conspiracy from at least 2010 through at least 2021, in violation of 18 U.S.C. §§ 1591(e)(12), 1591(a)(1), and 1594(c) (Count One); sex trafficking of Victim-1 by force, fraud or coercion in 2011, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and (2) (Count Two); and sex trafficking of Victim-2 in 2016 by force, fraud, or

coercion, in violation of 18 U.S.C. §§ 1591(a), (b)(1), and (2) (Count Three).[1] [*See* Superseding Indictment, *United States v. Alexander*, No. 24-cr-00676 (S.D.N.Y.), ECF No. 3].[2]

The offenses carry a statutory mandatory minimum sentence of 15 years and a maximum of life imprisonment. Because of the nature of the charged offenses, there is a rebuttable statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(D).

On December 13, 2024, the Court held a hearing regarding the Defendant's request for bond pending trial. After consideration of the Defendant's arguments, the Government's proffer and arguments, testimony from the FBI Special Agent assigned to the case, and the factors set forth in 18 U.S.C.§ 3142(g), the Court concluded that the Government had established by a preponderance of the evidence that no conditions or combination of conditions could reasonably assure the Defendant's appearance, determining as a result that the Defendant was a flight risk, and that detention was warranted. The Defendant remains incarcerated.

According to the superseding indictment, Defendant, along with his brothers Alon and Oren Alexander, "operated a long-running sex trafficking scheme, as part of which they raped and sexually assaulted women to whom they had provided material benefits" which included "domestic and international travel to vacation destinations, luxury accommodations at high-end hotels and vacation properties, and access to other luxury experiences and events." [Crim. ECF No. 3 ¶ 4].

---

[1] Alon and Oren Alexanders are Tal Alexander's brothers and co-defendants. Each are charged with Counts One and Three.
[2] All references to the Superseding Indictment, S.D.N.Y. Case No. 24-cr-00676, are denoted with "Crim."

In the detention order, the Court explained that the facts, as proffered by the government, established that Alexander and his co-conspirators have been charged in a sex trafficking conspiracy spanning 11 years from 2010 to 2021. However, there is evidence to support that Alexander has been engaged in this kind of conduct for approximately 20 years. The Court further explained the pre-trial detention was warranted because of the strong weight of the evidence, the significant sentence Alexander would face if convicted, the nature and circumstances of the offense and the personal characteristics of the Defendant. In considering the weight of the evidence, the Court noted the Government anticipates testimony from numerous victims and witnesses, electronic evidence, physical evidence, and documentary evidence, among other things.

In finding that Alexander is a flight risk, the Court noted that Defendant is a successful real estate agent in the luxury market and lives a lifestyle supported by extensive financial resources. The Court noted his international contacts, which included the fact that his parents are Israeli and Alexander frequently travels there. He also travels internationally to other countries by private jet and by yacht, frequently with little notice and scheduling in advance. Home confinement at his parents' home, as he requested, would give him direct ocean access, and means to quickly flee.

On December 16, 2024, the Defendant moved to reopen the detention hearing and stay removal of this case to the Southern District of New York pending a decision on pretrial detention. [ECF No. 22]. He seeks to reopen the hearing on three grounds. First, the Defendant argues that the Government's failure to turn over required *Jencks* materials at the detention hearing immediately after cross examination of the FBI Special Agent is a violation of the Government's obligations under 18 U.S.C. § 3500(b). [*Id.* at 4]. Defendant argues that he "plainly has the right to cross examine [the Special Agent] with any material in the government's possession that relates to the subject matter of the testimony." [*Id.* at 5]. Second, the Defendant seeks to reopen the hearing

3

because he "did not have a meaningful opportunity to address concerns raised *sua sponte* in the Court's decision with respect to his family's financial resources." [*Id.* at 4]. Defendant seeks to present additional evidence by way of witnesses and financial statements, including an increased bail package and new conditions. These include a bond in any amount secured by the entirety of Defendant's parents' assets and the retention of a private security service to provide full-time armed security detail at Defendant's home detention. [ECF Nos. 22 at 6–7; 28 at 2]. Third, he seeks to "correct the government's representation that he is not extraditable from Israel, which is inaccurate." [ECF No. 22 at 4].

## **LEGAL STANDARD**

Under 18 U.S.C. § 3142(f), a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

This statutory "provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Simmons*, No. 8:24-CR-200-WFJ-UAM, 2024 WL 3183859, at *2 (M.D. Fla. June 26, 2024) (quoting *United States v. Pon*, 2014 WL 3340584, at *3, 9 (M.D. Fla. May 29, 2014).

"Courts have interpreted this provision strictly, holding that hearings should not be reopened if the evidence was available at the time of the initial hearing" or is not material. *United*

*States v. Ward*, 63 F. Supp. 2d 1203, 1206–07 (C.D. Cal. 1999). Further, even if the defendant submits new information that is material, the statute's "use of the word 'may' indicates discretion on the part of the district court. Thus, there is no requirement to reopen a detention hearing . . .." *United States v. Smith*, 337 F.R.D. 366, 368 (N.D. Fla. 2020) (quoting *United States v. Watson*, 475 F. App'x 598, 601 (6th Cir. 2012)).

## DISCUSSION

None of the enumerated reasons Defendant asserts for reopening the detention hearing warrant satisfy the requirements of 18 U.S.C. § 3142(f).

First, with respect to the lack of *Jencks* material, the Court finds that any *Jencks* materials are unlikely to supply new, material evidence relevant to the Court's decision to detain the Defendant based upon risk of flight. As an initial matter, "'[t]he Jencks Act applies to any witness statement in the United States's possession that relates to the subject matter of the witness's direct testimony.'" *United States v. Schier*, 438 F.3d 1104, 1112 (11th Cir. 2006) (quoting *United States v. Delgado,* 56 F.3d 1357, 1364 (11th Cir.1995)); *See* 18 U.S.C. § 3500. "The general rule [for Jencks Act materials] is that a defendant is required to request disclosure following the witness's direct testimony." *Schier*, 438 F.3d at 1112. (internal quotation marks and citations omitted).

At most, the *Jencks* materials may have some relevance as to the weight of the Government's evidence. However, production of such materials at this time would be unlikely to move the needle in the Defendant's favor. First, Defendant's counsel had an opportunity, and did, cross-examine the FBI Special Agent on the length and scope of the investigation and the investigative steps taken to obtain electronic communications relevant to the Government's allegations, among several other topics. Second, the Court relied on additional considerations beyond the weight of the evidence in determining that Defendant is a flight risk, including the

lengthy period of incarceration if convicted and the Defendant's extensive financial resources. Third, the Government anticipates the testimony of multiple witnesses, electronic evidence, physical evidence, and documentary evidence, among other things, related to the allegations against the Defendant. [ECF No. 24 at 3].

As *Jencks* materials relate to detention hearings, at least one judge in this district "entertain[s] the Government's request to *not* provide *Jencks* material on a case-by-case basis" when "a defendant has already been indicted and there are numerous recorded conversations in which the defendant is making inculpatory statements. . ..." *United States v. Comas*, No. 13-20850-CR, 2014 WL 129296, at *3 (S.D. Fla. Jan. 14, 2014). Fed. R. Crim. P. 46(j) requires the production of witness statements at detention hearings "unless the court for good cause rules otherwise." The Government asserts that good cause exists here to reject the Defendant's attempt to seek *Jencks*. [ECF No. 31 at 9]. The Government is concerned that Defendant will use *Jencks* as a means to identify the victims who have come forward and threaten them, because the Defendants have threatened victims in the past.[3]

In any event, the Court need not rule on whether *Jencks* should have been produced to make its determination as to whether to reopen this detention proceeding. Here, the grand jury found probable cause to charge Defendant with the sex trafficking offenses and the indictment includes sufficient detail regarding the allegations that Defendant "operated a long-running sex trafficking scheme" and that the Defendants "jointly arrang[ed] domestic and international travel and accommodations, and jointly finance[d] the scheme." [Crim. ECF No. 3 ¶ 2]. The superseding indictment further described that the Defendants used social media and dating applications to find

---

[3] As explained by the Government in its Response, the sought-out reports, "even in redacted form, contain information sufficient to identify the victims." [ECF No. 31 at 9].

6

victims and booked travel to various locations to engage in the offenses and described the violent and dangerous nature of the acts. [*Id.* at ¶ 5(d)].

Defendant's counsel cross-examined the FBI Special Agent regarding her testimony that the evidence, as it relates to the victims, includes photos and videos "that depict the Alexander brothers engaging in sexual activity with the victims" and communications between the Defendant and his brothers "discussing group sex, discussing providing and piling women with drugs in order to get them to have sex with them and for arranging for their travel from other states to meet them. . . ." [ECF No. 30, Det. Hr'g. Tr. 44:12–21].

In sum, because the evidence would not be material to the Court's analysis of risk of flight, the request to reopen the detention hearing on this ground is denied.

Next, Defendant seeks to reopen the hearing to present an augmented bail package. [ECF No. 28 at 3]. Any information Defendant could provide regarding his or his parents' finances to support a claim of lack of financial incentive to flee would not be new evidence. [ECF No. 22 at 6]. This also applies to Defendant's new proposal to "retain a private security service . . . to provide a full timed armed security detail at the location of Mr. Alexanders' home detention." [ECF No. 28 at 2]. Defendant could have—but chose not to—present this evidence during the detention hearing. Certainly, this information existed and was known by Defendant at the time of the hearing. *See* 18 U.S.C. § 3142(f). *See Pon*, 2014 WL 3340584, at *9 ("[A] court should not reconsider a decision based on information that could have been presented the first time around."); *Simmons*, 2024 WL 3183859, at *2 (finding that the defendant "proffer[ed] no information that was not known to him at the time of the detention hearing" and "[a]s a result, there [was] no basis to reopen the detention hearing. . ..").

The Defendant also seeks to present additional evidence regarding the Government's representations regarding extradition from Israel. [ECF Nos. 22 at 7; 28 at 1–2]. The Court, however, did not rely on the issue of extradition in ordering that the Defendant be detained. Instead, the Undersigned relied in part on the Defendant's "international contacts, which include his parents who are Israeli" as well as Defendant's frequent international travel to Israel and the Bahamas by private jet or yacht. [ECF No. 24 at 3].

## CONCLUSION

Based on the foregoing, the Court orders that Defendant Tal Alexander's Motion to Reopen the Detention Hearing based on 18 U.S.C. § 3142(f) and to stay removal of this case to the Southern District of New York [ECF No. 22] is **DENIED**. In addition, for the reasons stated in this Order, Defendant's request for a hearing in connection with the Motion is also **DENIED**.

**SIGNED** this 20th day of December, 2024.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **All Counsel of Record**